UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul E. SANDERSON,
Defendant-Appellant.

No. 78–3055
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 22, 1979.

Frank Louderback, St. Petersburg, Fla., for defendant-appellant.

John J. Daley, Jr., U. S. Atty., Jacksonville, Fla., Anthony J. LaSpada, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

PER CURIAM:

After selection of his jury, appellant, represented by retained counsel, withdrew his plea of not guilty and pled guilty to two counts of income tax fraud, one count of racketeering, and four counts of mail fraud. Appellant's plea was in accordance with a written plea agreement. Appellant was sentenced on January 20, 1978. On September 1, 1978, appellant filed a motion pursuant to Fed.R.Crim.P. 32(d) to withdraw his guilty plea, alleging (1) that the trial judge failed to follow the mandatory provisions of Fed.R.Crim.P. 11 in accepting his guilty plea and (2) that his guilty plea lacked the required voluntariness and understanding because it was based upon advice of counsel that failed to meet the minimum standards of effectiveness required by the Sixth Amendment. Attached to the motion were the affidavits of appellant and another attorney who was present during the conversation between appellant and his attorney. On September 6, 1978, the district court denied appellant's motion without a hearing.

■ As to appellant's contention regarding the district court's compliance with Rule 11, we find that the district court strictly followed the guidelines of Rule 11 in accepting appellant's guilty plea. *See United States v. Coronado*, 554 F.2d 166 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *Sierra v. Government of Canal Zone*, 546 F.2d 77 (5th Cir. 1977). We do not pause to recount appellant's objections because they are clearly refuted by an examination of the record.

■ Appellant's Sixth Amendment claim is a different matter. It is axiomatic that a guilty plea "lacks the required voluntariness and understanding if entered on advice of counsel that fails to meet the minimum standards of effectiveness derived from" the Sixth Amendment. *Trahan v. Estelle*, 544 F.2d 1305, 1309 (5th Cir. 1977). In advising an accused whether or not to

plead guilty, counsel's duty is to determine if the plea is voluntarily and knowingly made. *See Carbo v. United States*, 581 F.2d 91, 93 (5th Cir. 1978). Appellant contends in his motion that his attorney breached this duty: "Defendant's attorney improperly exerted pressure on defendant, misrepresented material facts, and withheld information in order to induce a plea of guilty . . . .." This charge is supported by specific factual allegations.

Yet all of these allegations are belied by appellant's sworn testimony at the Rule 11 proceeding. Under oath appellant stated to the court that counsel advised him of his rights and the consequences of pleading guilty; that counsel went over the plea agreement with him; that he had a competent attorney and was satisfied with his services; and that no one was forcing him to plead guilty but he was pleading voluntarily and knowingly.

■■ Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty. *See United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975). This result is necessitated by the interest of finality in the criminal process. *See Bryan v. United States*, 492 F.2d 775, 780 (5th Cir.) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). However, in cases such as the present one, where the defendant offers specific factual allegations supported by the affidavit of a reliable third person,[1] he is entitled to a hearing on his allegations. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Matthews v. United States*, 533 F.2d 900 (5th Cir. 1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1156, 51 L.Ed.2d 571 (1977).

Therefore, we vacate the district court's denial of appellant's motion, and remand the case for an evidentiary hearing solely on appellant's claims relating to the effectiveness of his trial counsel.

VACATED and REMANDED.

---

1. We are aware that the government has offered the affidavit of appellant's trial counsel denying appellant's allegations; these opposing affidavits present a credibility question which should be resolved at an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 82 n.25, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).