**UNITED STATES of America, Plaintiff,**

v.

**Robert L. BRYAN, Defendant.**

**No. GCR–80–00009.**

United States District Court,
N. D. Florida,
Gainesville Division.

Sept. 3, 1981.

Kenneth P. Sukhia, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff.

Clifford L. Davis, Tallahassee, Fla., for defendant.

### ORDER DENYING MOTION TO WITHDRAW PLEA AND VACATE SENTENCE

HIGBY, District Judge.

Robert L. Bryan has moved under Federal Rule of Criminal Procedure 32(d) to withdraw his plea in this case and vacate the sentence imposed. Originally the Government charged Bryan in a four-count indictment with conspiracy to possess marijuana with intent to distribute, possession of marijuana with intent to distribute, conspiracy to import marijuana, and importation of marijuana. Eventually Bryan pled guilty to conspiracy to possess marijuana. The Government dismissed the other charges. January 12, 1981, I sentenced Bryan to five years imprisonment and fined him $15,-000.00. The plea and dismissal were pursuant to a written plea agreement between Bryan and the Government.

Bryan may withdraw his plea and have his sentence vacated only if he shows not doing so would be a manifest injustice to him. Fed.R.Crim.P. 32(d); *United States v. Tiler*, 602 F.2d 30 (2d Cir. 1979). In his motion Bryan alleges the Government failed to comply with the plea agreement and that that failure is a manifest injustice. From Bryan's testimony in the hearing on his motion it appears he also thinks he was poorly advised by his attorney and that too is a manifest injustice.

Bryan's plea agreement required him to cooperate fully with the Government and stated the agreement would be set aside if

he did not cooperate. At sentencing the Government stated Bryan had not been co-operative. Bryan disagreed. I resolved that dispute by not taking into consideration Bryan's lack of cooperation or cooperation. In the hearing Bryan again says he was cooperative. He says the reasons for his unsatisfactory responses to Government agents' questions were his lack of information and the fact that his one and only presentencing interrogation unnerved him because several people were present. His testimony is not persuasive.

More importantly the Government's representations at sentencing about his cooperation are completely irrelevant. Bryan's plea bargain said nothing of the Government informing the court of his cooperation or him receiving leniency in sentencing because of his cooperation. He received what he bargained for, which was dismissal of three charges. Even if the Government had mischaracterized Bryan's cooperation my decision to not consider any lack of cooperation in sentencing would alone preclude any mischaracterization from amounting to a manifest injustice.

 Bryan's alternative theory about the effects of the Government saying he did not cooperate is absurd. He argues that since the agreement said the plea would be vacated if he did not cooperate, his plea should have been vacated when the Government said he did not cooperate. That part of the agreement was clearly for the Government's benefit and cannot be used by Bryan as a tool to automatically rescind the plea agreement. It is not a provision the agreement contemplated Bryan being able to enforce.

Bryan's argument based on the Government's statements at sentencing about his cooperation fails then for two reasons. He has not persuaded me the Government's statements were untrue. And the statements were irrelevant to the sentence as well as to Bryan's decision to plea.

Bryan's second claim of manifest injustice is also unsupported. He testified at the hearing that his attorney assured him he would receive probation if he pleaded guilty. I do not believe him. His testimony is evasive and directly contrary to his statements when I took his plea. Then he stated no one had made him any promise about the sentence he would receive. Statements made by a defendant when pleading guilty receive great weight and cannot later be easily recanted. *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979); *United States v. Hawthorne*, 502 F.2d 1183 (3d Cir. 1974), *cert. denied*, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976). Significantly Bryan has not offered an explanation for the change in his testimony.

Bryan has not shown failure to vacate his plea would be a manifest injustice. His motion is denied.