**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 95-11229.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ruben ROCHA, Defendant-Appellant.

April 3, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before DAVIS, SMITH and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ruben Rocha appeals the denial of his 28 U.S.C. § 2255 motion for habeas corpus relief. We affirm.

I.

In the fall of 1988, a drug dealer named Thomas Padilla agreed to sell cocaine on consignment: He was to give Tony Rodriguez thirty kilos of the drug, and Rodriguez was to sell it, paying Padilla later from the proceeds. The plan went awry when Rodriguez proved unable to sell the cocaine at a price sufficient to cover his obligation. Fearing Padilla, Rodriguez disappeared.

Desperate to enforce his illegal contract, Padilla conspired with Johnny Hinojosa to kidnap Rodriguez's nephew, Michael Baker. The two abducted Baker and drove him from River Rouge, Michigan, to Dallas, Texas, stopping briefly along the way to telephone Baker's mother and inform her that Baker would be killed if Rodriguez failed to pay his debt.

Upon arriving in Dallas, they enlisted the help of Rocha, who variously guarded Baker, negotiated with Rodriguez, and otherwise assisted Padilla in arranging the payoff. The FBI eventually arrested Rocha and an accomplice as they drove away from a phone where they had been attempting to contact Rodriguez. A search of the vehicle in which the two were captured revealed a loaded revolver under Rocha's seat.

## II.

Rocha was convicted of aiding and abetting kidnapping in violation of 18 U.S.C. §§ 1201(a)(1)-(2), conspiracy to commit extortion in violation of 18 U.S.C. § 1951, aiding and abetting extortion in violation of 18 U.S.C. §§ 1951-1952, and using or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). We affirmed his conviction and sentence on direct appeal. *See United States v. Rocha,* 916 F.2d 219 (5th Cir.1990), *cert. denied,* 500 U.S. 934, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991).

In 1995, Rocha filed a *pro se* motion for habeas relief under § 2255, alleging that (1) his counsel was ineffective; (2) the evidence was insufficient to support his conviction on the "use or carry" firearms offense; (3) the evidence was insufficient to support his convictions for conspiracy to extort and kidnapping; and (4) the district court committed numerous errors in sentencing. On November 30, 1995, the district court adopted the magistrate judge's recommendation that the petition be denied on the merits. On December 6, 1995, the Supreme Court decided *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995),

reinterpreting the "use" prong of 18 U.S.C. § 924(c); on December 18, 1995, Rocha entered his notice of appeal; and on April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), went into effect.

## III.

As no published decision of this court has addressed the issue, we must first decide whether 28 U.S.C. § 2253, as recently amended by the AEDPA, requires that Rocha receive a certificate of appealability ("COA") before we may hear his appeal.[1] The statute now provides:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1). Prior to the enactment of the AEDPA, no COA was required; a timely notice of appeal was sufficient to vest jurisdiction in this court. As Rocha's appeal was pending on the AEDPA's effective date, and he has never received a COA, the retroactivity of § 2253(c)(1)(B) is squarely before us.[2]

---

[1] In *United States v. Orozco*, 103 F.3d 389, 392 (5th Cir.1996), we concluded that the COA requirement does apply to § 2255 appeals in which both the final judgment and the notice of appeal were entered after the act's effective date. *Id.* at 392. Rocha's situation is different, however: The final judgment and notice of appeal were entered before the effective date, and the issue is thus the applicability of the AEDPA to a pending appeal rather than to a pending district court proceeding.

[2] We decline to pretermit this question by granting a COA, for to do so would fly in the face of what the AEDPA is intended

Our retroactivity analysis follows the test of *Landgraf v. USI Film Prod.,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). There, the Court reaffirmed the longstanding presumption against statutory retroactivity but noted that "procedural" rules—the COA requirement being a good example—in some circumstances may be applied retroactively to pending cases. *Id.* at 275, 114 S.Ct. at 1502.

The threshold inquiry under *Landgraf* is whether Congress "has expressly prescribed the statute's proper reach," for if it has, that legislative command must be obeyed. *Id.* at 280, 114 S.Ct. at 1505. If Congress has not spoken to retroactivity, however, we must consider whether the new statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* When the new rule implicates these concerns, the traditional presumption of non-retroactivity applies. *Id.*

*Landgraf,* then, requires us (1) to ask whether Congress has spoken expressly to the retroactivity of the COA requirement, and if it has not, (2) to analyze the requirement's effects on the

---

to accomplish. The COA requirement makes us a gatekeeper and is designed to prevent judicial resources from being squandered by searching for the "merits" of meritless appeals. Certainly, we recognize that the showing for obtaining a COA is lower than that required to prevail on the merits, as a COA may be granted whenever reasonable jurists could differ as to whether there has been "denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Drinkard v. Johnson,* 97 F.3d 751, 756 (5th Cir.1996), *cert. denied,* 1997 WL 10415 (U.S. Mar.3, 1997). In any event, reasonable jurists could not differ as to Rocha's appeal, for none of his claims even approaches the § 2253 standard. *See Hohn v. United States,* 99 F.3d 892, 893 (8th Cir.1996) (declining to issue a COA because *Bailey* affected statutory, not constitutional, rights).

parties as described above. As nothing in the text of the AEDPA expressly speaks to its retroactivity in non-capital cases, we may proceed immediately to the second prong of the test. Fortunately, much of our work in this regard has already been accomplished by previous decisions of this court.

In *Drinkard,* we held that an application for a certificate of probable cause ("CPC") in a § 2254 appeal could be treated as an application for a COA without violating *Landgraf* 's dictates, as the difference between a CPC and a COA is one of mere nomenclature. *Id.* at 756. That is, " "[b]ecause the standard governing the issuance of a [COA] requires the same showing as that for obtaining a [CPC], application of § 102 of the [AEDPA] to Petitioner's request for a [CPC] would not constitute retroactive application of a statute under *Landgraf.... ' " Id.* (quoting *Lennox v. Evans,* 87 F.3d 431, 434 (10th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 746, 136 L.Ed.2d 684 (1997)).

Citing *Drinkard,* we extended this analysis from applications for certificates to the certificates themselves in *Brown v. Cain,* 104 F.3d 744, 748-49 (5th Cir.1997). Because Brown's CPC had given him a " "settled expectation' [ ] that he had successfully passed all procedural hurdles" to consideration of his claims, however, we held that "[a]pplying the AEDPA's COA requirement to *Brown* in a technical fashion would clearly raise retroactivity concerns." *Id.* at 749. Thus, we concluded, the COA requirement does not apply retroactively to § 2254 appellants who obtained CPC's before the AEDPA's effective date. *Id.*

Straightforward application of our reasoning in *Drinkard* and

*Brown* leads us similarly to conclude that the COA requirement does not apply retroactively to § 2255 appeals that were pending on the AEDPA's effective date. Before the AEDPA took effect, appeals in § 2255 cases were as of right, and neither a COA nor a CPC was required. Application of the COA requirement to Rocha thus would work an even greater retroactive effect than that which we rejected in *Brown,* where the AEDPA merely would have required the petitioner-appellant to obtain a COA under the same standard as he previously had obtained a CPC. That is, because *Landgraf* mandates that the COA requirement not be retroactive in § 2254 cases, it follows that it must also not be retroactive in § 2255 cases, where retroactivity would have a more dramatic effect.

Rocha did everything necessary to invoke the jurisdiction of this court at the time he filed his notice of appeal. Nothing in the AEDPA suggests that Congress meant us to dismiss appeals that were properly filed and pending as of the act's effective date, or otherwise to restrict an appellant's right of review after it has been properly invoked.

We therefore conclude that the AEDPA's COA requirement does not retroactively apply to § 2255 appeals in which the final judgment and notice of appeal were entered before the AEDPA's effective date. This conclusion brings us into accord with the other federal circuits that have considered the issue.[3]

---

[3]*See Thye v. United States,* 96 F.3d 635, 637 (2d Cir.1996) (holding that the COA requirement does not apply retroactively to § 2255 cases in which the notice of appeal was filed before the AEDPA's effective date); *Herrera v. United States,* 96 F.3d 1010, 1011 (7th Cir.1996) (same); *United States v. Lopez,* 100 F.3d 113, 117 (10th Cir.1996) (same); *Hunter v. United States,* 101 F.3d 1565, 1573 (11th Cir.1996) (en banc) (same).

IV.

We now proceed to the merits.  For the first time on appeal, Rocha raises a claim that the evidence presented at trial was insufficient to support his 18 U.S.C. § 924(c) "use or carry" conviction in light of the reinterpretation of "use" in *Bailey.* His failure to raise this highly fact-dependent claim in the district court prevents us from considering it for the first time on appeal.[4]  Rocha, of course, could hardly be expected to have raised a *Bailey* claim before *Bailey* was decided, but his proper course of action is to file a successive § 2255 motion, not to raise the issue for the first time here.[5]

Rocha also contends that the district court erred in rejecting his claim of ineffective assistance of counsel.  The district court, adopting the recommendation of the magistrate judge, found that Rocha's only serious argument for ineffective assistance was that his counsel had failed to obtain a separate trial.  Noting that the court that heard Rocha's direct appeal correctly rejected his claim that he should have received a severance, the district court held that his counsel's failure to obtain something to which he was not entitled could not constitute ineffective assistance.  *See Rocha,* 916 F.2d at 227-32.

---

[4]*See, e.g., United States v. Madkins,* 14 F.3d 277, 279 (5th Cir.1994);  *United States v. Cates,* 952 F.2d 149, 152 (5th Cir.), *cert. denied,* 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).

[5]We express no view on the merits of such a successive motion.  We also note that our conclusion obviates the need to consider either whether *Bailey* applies retroactively to proceedings for collateral relief or the government's contention that the evidence presented at trial was sufficient to sustain Rocha's conviction under the "carry" prong of § 924(c).

As Rocha has failed to adduce any additional arguments his counsel could have raised in support of the severance motion, he falls far short of meeting the deficiency-plus-prejudice standard of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The ineffective assistance claim was properly denied.

Rocha further argues that his conviction for conspiracy to commit extortion is invalid because it was based on the same overt act as a count of conspiracy to commit kidnapping, of which he was acquitted. Because he did not raise this claim in his direct appeal, however, we may not consider it unless he demonstrates "cause and prejudice" for his procedural default. *See United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982). The district court, again adopting the recommendation of the magistrate judge, correctly held that Rocha had failed to demonstrate either element of this test. As to cause, he has alleged nothing that would justify his failure to raise the issue on direct appeal. As to prejudice, it was perfectly consistent for the jury to find that Rocha conspired to commit extortion but not to commit kidnapping.

Rocha next offers a series of arguments that the district court misapplied the sentencing guidelines by increasing his offense level for making a ransom demand, increasing his offense level for vulnerability of the victim, failing to grant a downward departure based on his family circumstances, and failing to grant a downward departure for his minor role in the offense. Each of these claims was raised and rejected in Rocha's direct appeal.

*Rocha,* 916 F.2d at 242-45. They are therefore barred from collateral review. *E.g., United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

Finally, at various points Rocha's brief suggests that the district court (1) erred in failing to grant him a severance; (2) erred in interpreting 18 U.S.C. § 924(c); and (3) improperly commented on the weight of the evidence. As with his sentencing claims, each of these arguments was addressed and rejected by the court that considered his direct appeal. *Rocha,* 916 F.2d at 227-29 (severance); *id.* at 236-38 (interpretation of § 924(c)); *id.* at 232-33 (comments by the trial court). Like the sentencing claims, then, they are procedurally barred from collateral review. *Kalish,* 780 F.2d at 508.

The denial of § 2255 relief is AFFIRMED.