United States Court of Appeals,

Fifth Circuit.

No. 96-10716

Summary Calendar.

Larry HILL, Petitioner—Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent—Appellee.

June 5, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Texas prisoner Larry Hill appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a case of first impression, we dismiss without prejudice and remand to the district court for reconsideration of appealability consistent with new provisions of the Antiterrorism and Effective Death Penalty Act.

I

A Texas jury convicted Hill of aggravated robbery with a deadly weapon, and the judge sentenced him to sixty years in prison for the offense. The state court of appeals affirmed his conviction. Hill filed multiple state applications for writs of habeas corpus, all of which were denied without written order. Hill filed the instant habeas petition in the district court, claiming that: (1) the arrest warrant affidavit had been altered to create probable cause, (2) the trial court improperly excluded a supplemental offense report from evidence, (3) the trial court improperly excluded certain tape recordings from evidence, and (4) his conviction was obtained by use of an unduly suggestive pretrial identification procedure. Hill claims that he is actually innocent of the crime, and that he was misidentified by witnesses as the robber.

A magistrate judge reviewed Hill's federal habeas petition and recommended that it be denied. The magistrate advised that Hill had had a full and fair opportunity to challenge the allegedly altered

arrest warrant on direct appeal and in state habeas, that Hill had failed to preserve error as to the supplemental offense report, that Hill had not shown that the trial court erred in excluding the tape recording (nor that the recording was relevant or material), and that Hill had not shown how the pretrial identification procedures had been unduly suggestive or how he had been prejudiced by the procedures. Hill objected to the magistrate's findings and requested that the district court conduct evidentiary hearings on his claims. On May 28, 1996, following a *de novo* review of the record (including Hill's objections to the magistrate judge's report and recommendation) the district court adopted the magistrate's recommendations and dismissed Hill's petition without a hearing.

Hill filed a timely notice of appeal, and the district court granted him a certificate of probable cause to appeal on June 17, 1996.

## II

Before we address the merits of Hill's appeal, we must first consider whether he is properly before this court. Defendant Gary Johnson, director of the Texas Department of Criminal Justice, Institutional Division, has moved to dismiss the instant appeal because Hill has not met the certification requirements of the amended habeas corpus statutes.

On April 24, 1996, before the district court made its initial decision to deny Hill's petition, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "Act"), which amends the habeas corpus statutes. Of particular interest in this case is the new requirement that a petitioner receive a "certificate of appealability" ("COA") before a circuit court hears his habeas appeal. Amended 28 U.S.C. § 2253(c)(1) provides that: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court...." Although the COA is similar to the former certificate of probable cause ("CPC"), the Act imposes two new requirements for COAs. Section 2253(c)(2) requires the applicant to make a "substantial showing of the denial of a constitutional right[,]" and section (c)(3) requires that COAs "shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

The district court denied Hill's petition soon after the effective date of the AEDPA; both Hill's notice of appeal and the district court's grant of CPC came after the AEDPA was signed into law, but before any court in the Fifth Circuit had decided an AEDPA case. Hill's CPC does not explicitly meet either of the new requirements of the Act. The question, then, is whether the AEDPA requires Hill to obtain a COA before appeal to this court, even though the district court already granted him a CPC.

As an initial matter, we note that the COA requirement applies in appeals such as this one, which are filed after the effective date of the Act. *United States v. Orozco,* 103 F.3d 389, 392 (5th Cir.1996). This should come as no surprise, since we have also held that the "substantial showing" requirement of section 2253(c)(2) is effectively just a change in nomenclature from the old CPC standard. *Drinkard v. Johnson,* 97 F.3d 751, 756 (5th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997). Before the AEDPA, we required a petitioner to make a "substantial showing of the denial of a federal right" to obtain a CPC. *Baldree v. Johnson,* 99 F.3d 659, 660 (5th Cir.1996) (citing *Barefoot v. Estelle,* 463 U.S. 880, 882, 103 S.Ct. 3383, 3389, 77 L.Ed.2d 1090 (1983)). Accordingly, in *Orozco* we held that applying the new COA standard did not unduly prejudice a habeas petitioner who had filed his notice of appeal after the effective date of the AEDPA. 103 F.3d at 392.

By contrast, we have held that in cases where the district court had granted a CPC before the Act's effective date, the subsequent passage of the AEDPA did not revoke the petitioner's permission to appeal, and we did not require the petitioner to reapply for a COA. In *Brown v. Cain,* 104 F.3d 744, 748-49 (5th Cir.1997), a state prisoner appealed the district court's denial of his section 2254 petition for habeas relief. The district court granted Brown a CPC before the passage of the AEDPA, at which point this court had jurisdiction to hear the appeal under the old habeas corpus statute. *Id.* at 748. We held that applying the COA requirement to a petitioner who had already properly been certified for appeal would raise retroactivity concerns, and we held that the AEDPA did not divest our jurisdiction. *Id.* at 749. In *United States v. Rocha,* 109 F.3d 225, 228-29 (5th Cir.1997), the district court denied a federal prisoner's petition for the writ under section 2255, and the prisoner filed

a notice of appeal before passage of the AEDPA. We noted that in section 2255 cases before the AEDPA, no CPC was required, and the court of appeals had jurisdiction to hear the case once the petitioner filed his notice of appeal. *Id.* Citing *Brown* and *Drinkard,* we held that the AEDPA does not require us to dismiss appeals that had been properly filed on the Act's effective date. *Id.*

In *Brown* and *Rocha* we held that, because the petitioner had a settled expectation that he had completed his application for review, requiring a COA after passage of the Act would raise retroactivity concerns. *Rocha,* 109 F.3d 225, 228-29; *Brown,* 104 F.3d at 749; *see also Landgraf v. USI Film Prods.,* 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 1502 n. 29, 128 L.Ed.2d 229 (1994) ("A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime[.]"). However, both *Rocha* and *Brown* were cases in which the court of appeals had jurisdiction before the new statute was enacted. *Brown,* 104 F.3d at 748. Both petitioners had properly sought and been granted permission to appeal under the "old regime."

In the only case we have decided involving a district court's post-AEDPA grant of CPC, we held that the petitioner did not need to apply for a new COA under the Act. *Else v. Johnson,* 104 F.3d 82 (5th Cir.1997) (on reconsideration). In *Else,* we noted that a COA requires the issuing court to specify which issues present a substantial showing of the denial of a constitutional right; however, because Else's petition only presented one issue, we held that it was clear that the district court had certified only that single issue for habeas appeal. *Id.* Else's single-issue CPC necessarily met the section 2253(c)(3) requirement that the issues for appeal be specified, and we held that we had jurisdiction to hear the appeal. *Id.*

In the instant case, Hill presents four issues for habeas appeal, and his CPC does not set out which of those issues presents a certified constitutional challenge, as required by amended section 2253(c)(3). We cannot easily infer which issue the district court certified, as we could in *Else.* And this is not a case such as *Brown,* in which the district court properly granted a CPC permitting an appeal to this court. The AEDPA changed the requirements for appeal before Hill filed his request, and the district court's CPC never properly granted Hill permission to appeal.

As of April 24, 1996, petitioners who file a notice of appeal in any habeas corpus case are required to meet the requirements of section 2253(c). That presents few problems under section 2253(c)(2), because we have always required a substantial showing of the denial of a federal constitutional right. But unless the case presents a single issue for appeal, as in the *Else* case, a certification for appeal must set out which issues rise to constitutional error. The CPC in this case, which involves four issues on appeal, does not specify which issues are properly certified under the AEDPA. We therefore hold that Hill's CPC, petitioned for and granted after the effective date of the AEDPA, will not suffice to bring his appeal before this court.

Even though Hill's CPC is insufficient, we will not require him to reapply for COA. We have held that the notice of appeal and application for CPC may be construed as requests for COA. *Drinkard,* 97 F.3d at 756; Fed. R.App. P. 22(b), as amended ("If no express request for a certificate [of appealability] is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals."). Instead of making Hill begin anew and refile his briefs, we will construe his notice of appeal and request for CPC as an application for COA.

Under the old CPC procedure, the district court would make the initial determination of whether to certify a habeas appeal. *Clements v. Wainwright,* 648 F.2d 979, 980 (5th Cir.1981); *McKibben v. Hopper,* 565 F.2d 1316, 1316 (5th Cir.1978). Rule 22(b) of the Federal Rules of Appellate Procedure, as amended by the AEDPA, indicates that the district court should continue to review COA requests before the court of appeals does:

> If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.

Fed. R.App. P. 22(b), as amended. Although we have noted that there is some tension between this language in Rule 22(b) and amended section 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability ..." ), we have held that the AEDPA authorizes a district court to issue a COA under the Act. *Else*, 104 F.3d at 83.

Accordingly, we remand Hill's cause to the district court for the limited purpose of deciding

which issues, if any, merit appeal under the AEDPA.  *See United States v. Asrar,* 108 F.3d 217, 217-18 (9th Cir.1997) (remanding application for COA to district court to determine which issues are to be certified for appeal under AEDPA);  *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997) (same);  Tenth Circuit Emergency General Order, 1996 U.S. 96-41, at 2 (10th Cir. Oct. 1, 1996) (cited in *Houchin v. Zavaras,* 107 F.3d 1465, 1468-69 (10th Cir.1997)) (same).  The parties need not refile briefs in this court;  depending on the issues for which the district court chooses to grant Hill a COA, we will consider the relevant portions of the briefs already submitted.

Therefore we DISMISS Hill's appeal without prejudice and REMAND his application for CPC, which we have construed as an application for COA, to the district court for determination of which issues merit appeal under the amended requirements of 28 U.S.C. § 2253(c).  We DENY Johnson's motion to dismiss and DENY Hill's motion for appointment of counsel, which were carried with the appeal.