IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40985
_____

L. C. JONES,

Petitioner-Appellant,

v.

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee

_____

Appeal from the United States District Court
For the Eastern District of Texas
(694-CV-984)
_____

June 10, 1997

Before WIENER and PARKER, Circuit Judges, and LITTLE, District
Judge.[*]

PER CURIAM:[**]

Petitioner-Appellant L. C. Jones appeals the district court's

denial of habeas corpus relief sought by Jones in connection with

his jury conviction in a Texas state court on charges of aggravated

---

[*]District Judge of the Western District of Louisiana, sitting
by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

assault of a peace officer, for which he was sentenced to forty-five years imprisonment.  Jones seeks to have that conviction and sentence  overturned on grounds of ineffective assistance of counsel, improper prosecutorial conduct, improper exclusion of evidence, and insufficienty of the evidence.  Jones also filed a motion for an evidentiary hearing.

On recommendation of the federal magistrate judge, the district court dismissed Jones' habeas petition, and Jones timely filed his notice of appeal.  The district court granted a certificate of probable cause (CPC).  Jones' notice of appeal was filed and his CPC was granted prior to April 24, 1996, the date on which the President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1]  The AEDPA amended 28 USC § 2253(c)(3), providing for issuance, when appropriate, of a certificate of appealability (COA) in which the issuing court must indicate the specific issue or issues that satisfy the showing required to obtain such a certificate.[2]

Although the pre-AEDPA CPC granted to Jones by the district court did not specifically address each issue advanced by Jones in his habeas petition—a failure which would ordinarily subject either a CPC or a COA to remand to the district court for such a

---

[1]Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2]28 USC § 2254(c)(3).

2

treatment[3]——such is not the case when a state habeas petitioner has filed an appeal in which the final judgment and also the appeal were entered before the effective date of the AEDPA.[4] Accordingly, the instant appeal is not subject to the COA requirement and thus there is no need for us, as a preliminary matter, to determine whether the CPC granted to Jones prior to the effective date of the AEDPA meets the specified standard required of a COA. We therefore proceed to the merits of his appeal.

In that regard, we have carefully reviewed the record on appeal and the facts and law set forth in the briefs of able counsel. Without addressing each of the above identified arguments proffered by Jones in seeking habeas relief, it suffices that we are satisfied that the disposition of this matter by the district court in denying habeas relief is free of reversible error and is thus, in all respects,

AFFIRMED.

---

[3]<u>Muniz v. Johnson</u>, ___ F.3d ___, 1997 WL 265120(5th Cir. May 20, 1997.

[4]<u>United States v. Rocha</u>, 109 F.3d 225,229(5th Cir. 1997).