IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10978
_____


LARRY HILL,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-437-Y
- - - - - - - - - -
December 17, 1997

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Larry Hill, Texas prisoner #634663, has applied for a certificate of probable cause (CPC) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. He argues that (1) he had been denied a full and fair hearing at his trial because the trial court had excluded a supplemental offense report; (2) he was denied a fair hearing of his case because the trial court had improperly refused to allow the jury to hear certain tape recordings; (3) he had been denied a full and fair

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing at his trial because the arrest-warrant affidavit had been altered to create probable cause; and (4) his conviction was obtained by use of an unduly suggestive pretrial identification procedure.

We previously remanded to the district court its initial grant of CPC because that court's order doing so was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), which eliminated CPC and instituted in its place a certificate of appealability (COA).  Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997).  On remand, the district court denied COA but did so notwithstanding the Supreme Court's intervening decision in Lindh v. Murphy, 117 S. Ct. 2059 (1997), in which the Court held that the AEDPA applied only to cases filed after the AEDPA's effective date.  Because Hill filed his § 2254 action before the enactment of the AEDPA, he is not required to obtain a COA before filing an appeal but remains subject to the prior rules requiring CPC.  Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).

Assuming without deciding that the Supreme Court's ruling in Lindh made the district court's order denying COA moot and, thus, reinstated the district court's initial order granting CPC, we have carefully reviewed the record and the appellant's filings and conclude that, irrespective of the reinstated CPC, this court need not address in detail the substance of the claims advanced

by Hill because we agree with the district court that such claims are without merit.  Accordingly, Hill's action is DISMISSED.

Hill's requests for leave to proceed <u>in forma pauperis</u> and for the appointment of counsel are DENIED.

DISMISSED.