IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40609
Summary Calendar

_____

JAMES B. BECKNELL, JR.,

Plaintiff-Appellant,

versus

LIEUTENANT WOOD; W.J. ESTELLE; COLONEL MOORE; ROBERT DELONG;
WARDEN E.H. TURNER; ALL DEFENDANTS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:78-CV-285
- - - - - - - - - -

June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

James B. Becknell, Jr., Texas prisoner # 274915, appeals the
district court's denial of his motion to compel the defendants to
comply with the district court's injunction issued on December 28,
1981. Becknell argues that the defendants required him to perform
job tasks which were inconsistent with his medical restrictions in
violation of his Eighth Amendment rights. Becknell's current job
assignment to the chow hall which requires him to wipe off the
tables is consistent with his medical restrictions. See Jackson v.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

King, 864 F.2d 1235, 1246 (5th Cir. 1989). Any orders directing Becknell to perform the additional tasks of wiping off the walls or serving line were made by officers who were unaware of Becknell's medical restrictions and at most amount to mere negligence. See id. The district court did not err in rescinding its prior injunction based on significant changes in the law which now protect Becknell's Eighth Amendment rights. See United States v. Lawrence County School District, 799 F.2d 1031, 1046 (5th Cir. 1986); Jackson, 864 F.2d at 1246.

Becknell argues for the first time on appeal that: (1) he was assigned to work in a textile mill performing duties inconsistent with his medical restrictions from 1980 to 1988; (2) he was assigned to numerous other jobs inconsistent with his medical restrictions; (3) the transportation provided by the prison caused him pain and suffering; (4) the defendants have a policy of involuntary servitude; (5) the defendants changed or lied about the result of an x-ray of his shoulder; and (6) he requests injunctive relief concerning numerous job requirements and living conditions. Because these claims involve factual issues which were not presented to the district court, we will not consider these claims. See United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Becknell's motion for mandatory disqualification and recusal of the district court judge is DENIED. Because the additional documents Becknell seeks to include in the appellate record are not necessary for the resolution of his appeal, Becknell's motion to supplement the appellate record is also DENIED.

AFFIRMED; MOTION FOR RECUSAL DENIED; MOTION TO SUPPLEMENT RECORD DENIED.