IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40049
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO ESCOBIDO-DAVILA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-94-CR-91-5; M-96-CV-6
--------------------

November 23, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Guillermo Escobido-Davila appeals the district court's denial of his 28 U.S.C. § 2255 motion. On appeal, Escobido argues that his conviction for using a firearm during a drug-trafficking offense (18 U.S.C. § 924(c)) should be vacated in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Escobido also asserts ineffective-assistance-of-counsel because his attorney allegedly failed to argue that the vehicle Escobido drove, and the gun found therein, did not belong to Escobido, and that the gun was found the day

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after Escobido's arrest.

We have reviewed the record and briefs submitted by the parties and find that a jury could have reasonably determined that Escobido "carried" the firearm.  See Muscarello v. United States, 118 S. Ct. 1911, 1913 (1998); United States v. Brown, 161 F.3d 256, 259 (5th Cir. 1998)(en banc).

Escobido's ineffective-assistance-of-counsel claim is raised for the first time in this appeal.  This new claim involves factual issues not presented in the district court and does not rise to the level of plain error.  Thus, we do not consider it. See United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997); United States v. Alvarado-Saldivar, 62 F.3d 697, 700 (5th Cir. 1995); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.