**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-11435**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OMAR ARREOLA-RAMOS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(2:96-CV-63 & 2:94-CR-36-3)**

_____

December 14, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Arreola-Ramos urges us to reverse the district court's denial of relief concerning a pre-<u>Bailey</u> guilty plea conviction for "use" of a firearm during a drug-trafficking offense. _See_ <u>Bailey v. United States</u>, 516 U.S. 137 (1995). We decline to do so.

The opinions of the magistrate judge and the district judge correctly explain how both <u>Bailey</u> and the successor case, <u>Bousley v. United States</u>, 118 S.Ct. 1604 (1998), apply to Arreola's petition. <u>Bailey</u> was decided one day before Arreola was sentenced on a superseding indictment for one count of using and carrying a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

firearm and one count of using a telephone to facilitate a drug trafficking crime.  On the same day that he pled guilty to this superseding indictment, a previous indictment, which charged two separate counts of conspiracy and possession with intent to distribute cocaine, was dropped.  Arreola neither took steps in the district court to raise a <u>Bailey</u> claim on his firearm conviction, nor did he file a direct appeal.  As a result, <u>Bousley</u> holds that section 2255 relief was unavailable to Arreola in the absence of cause and prejudice or actual, factual innocence.  Arreola never alleged legally sufficient "cause" in the district court, because he claimed -- incorrectly, as it turned out -- that his plea agreement precluded a direct appeal.  118 S.Ct. at 1607.  This prong of <u>Bousley</u> was inapplicable to Arreola.[1]

The actual innocence prong of <u>Bousley</u> is also unavailable to Arreola on the record before us.  <u>Bousley</u> points out that a petitioner claiming factual innocence must be prepared to establish, in addition to his innocence of the firearms charge, that he did not commit any more serious crimes whose prosecution was forgone by the government in exchange for the plea agreement. <u>Bousley</u>, 118 S.Ct. at 1612.  Arreola asserts conclusionally that because he never pled guilty to the cocaine charges, he was innocent of them.  This assertion flies in the face of the factual resume accompanying his guilty plea.   The factual resume

---

[1]    In this court, for the first time, Arreola alleges ineffective assistance of counsel, because he claims that counsel told him he could not maintain a direct appeal.  This contention involves factual issues not presented in the district court, and we may not consider it.  <u>United States v. Rocha</u>, 109 F.3d 225, 229 (5th Cir. 1997).  The same is true for Arreola's "equal protection" claim regarding the relief given on his brother's <u>Bailey</u> claim.

2

demonstrates that on one occasion he was involved in a transaction to sell more than eight ounces of cocaine, and it admits his longstanding participation in a cocaine distribution conspiracy. A petitioner may not contradict the facts to which he has sworn when pleading guilty. <u>United States v. Sanderson</u>, 595 F.2d 1021, 1022 (5th Cir. 1979). Moreover, as the district court noted, Arreola was definitely exposed to more lengthy terms of imprisonment on the cocaine charges than on the charges to which he eventually pled guilty; the plea bargain reduced his maximum exposure from sixty years to nine years imprisonment.

For these reasons, Arreola cannot succeed in challenging his firearm conviction, and the judgment of the district court is **AFFIRMED**.