**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-60079

DAVID W. DUPLANTIS,

Petitioner-Appellant,

VERSUS

WALTER BOOKER, Superintendent; MIKE MOORE, Attorney General,
State of Mississippi

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(4:97-CV-136)

August 1, 2001

Before SMITH, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[1]

David W. Duplantis ("Duplantis") appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We agree with the district court that Duplantis's petition is time-barred under 28 U.S.C. § 2244(d). Therefore, we AFFIRM.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

Duplantis was convicted in Mississippi state court for felony jail escape. On October 17, 1995, the Mississippi Court of Appeals affirmed his conviction, and on December 29, 1995, it denied his petition for a rehearing. On August 12, 1996, Duplantis filed a motion for out-of-time writ of certiorari with the Mississippi Supreme Court. The court denied that motion on November 13, 1996.

On March 14, 1997, Duplantis filed an application with the supreme court for leave to file a petition for post-conviction relief in the trial court. The court denied his application in an order dated August 13, 1997 and filed on August 20, 1997.[2]

Duplantis filed his § 2254 petition in federal district court on October 16, 1997. Respondents moved to dismiss the petition as untimely, pursuant to 28 U.S.C. § 2244(d). The district court adopted the magistrate's report and recommendation that the petition should be dismissed as time-barred. However, the court granted Duplantis a certificate of appealability ("COA").

**DISCUSSION**

Duplantis's appeal involves only issues of law, therefore we conduct a de novo review. Kiser v. Johnson, 163 F.3d 326, 327 (5th

---

[2]Duplantis filed a request to withdraw his application as incomplete on March 27, 1997, and he filed a new application on April 17, 1997. The supreme court granted his request to withdraw the first application in an order dated May 13, 1997, and filed May 23, 1997. However, by that time, Duplantis had filed his revised application, so there was an application pending continually from March 14, 1997 to August 20, 1997.

Cir. 1999).    Under § 2244(d)(1)(A), a state prisoner has one year from the date that his conviction became final by the conclusion of direct review or by the expiration of the time for seeking such review to file his § 2254 petition.    However, a state prisoner attacking a conviction or sentence that became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996)("AEDPA"), has a one year grace period from that date to file his petition (i.e., until April 24, 1997).    See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).    Moreover, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one year period of limitation.

The magistrate judge found that Duplantis had filed his § 2254 petition 540 days after the effective date of AEDPA.    He then determined that Duplantis's applications for state post-conviction relief tolled the limitations period for 159 days, the number of days they were pending.    However, the magistrate judge reasoned that Duplantis's motion for an out-of-time writ of certiorari was, by its own terms, not "properly filed" under § 2244(d)(2), so it did not toll the limitations period.    He also stated that the Respondents' position that a writ of certiorari is a discretionary part of the direct appeals process and not an application for post-conviction relief was reasonable.    Therefore, he concluded that

3

Duplantis's § 2254 petition was filed sixteen days too late (540 minus 159 minus 365 (one year) = 16).

The district court adopted the magistrate's recommendations, but granted COA as to only the following designated issue: did Duplantis's filing of his motion for an out-of-time writ of certiorari on August 12, 1996 constitute a "properly filed" application which tolled the AEDPA limitations period? Although this language is, admittedly, somewhat ambiguous, we read the COA as restricting our review to the technical question whether the motion was "properly filed" under § 2244(d)(2). Therefore, we do not decide the issue raised by Respondents, that such a motion was not a motion for "State post-conviction or other collateral review."

Our narrow construction of the COA is consistent with AEDPA's overall purpose to limit the opportunity for a state prisoner to seek federal habeas review.[3] In light of this purpose, Congress restricted appellate review of the district courts' disposition of habeas petitions by enacting the COA requirement.[4] Therefore, out

---

[3]See Villegas v. Johnson, 184 F.3d 467, 470-71 (5th Cir. 1999) ("AEDPA was an attempt on the part of Congress to '"reduce federal intrusion into state criminal proceedings,"' encourage claim exhaustion, and accord greater deference to state court adjudications." (citations omitted)); Cantu-Tzin v. Johnson, 162 F.3d 295, 296 (5th Cir. 1998) (noting that the one year limit contained in § 2244(d)(1) was an effort by Congress "to bring regularity and finality to federal habeas proceedings.").

[4]See U.S. v. Rocha, 109 F.3d 225, 227 n.2 (5th Cir. 1997) ("The COA requirement makes us a gatekeeper and is designed to prevent judicial resources from being squandered by searching for the

of deference to the district court and in view of AEDPA, we should construe our jurisdiction narrowly.  Moreover, our construction is a more reasonable interpretation of the COA.  The district court specifically highlighted the "properly filed" requirement when it described the designated issue as whether Duplantis's motion "constituted a 'properly filed' application which tolled the AEDPA statute."  Even Duplantis himself read the COA as we do, because his initial brief was focused on whether his motion for out-of-time writ of certiorari had been "properly filed."

Having decided the scope of our jurisdiction in this appeal, we proceed to the merits of the designated issue.  In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000), the Supreme Court held that an application for post-conviction relief or other collateral review is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, . . . the time limits upon its delivery . . . ."  However, in <u>Smith v. Ward</u>, 209 F.3d 383, 384–85 (5th Cir. 2000), we held that an untimely application was nevertheless "properly filed" in a Louisiana court, because the courts were expressly empowered to accept late filings and consider whether the applicant met certain statutory exceptions to the presumptive time limit.

---

'merits' of meritless appeals.")

5

Under Rule 17(b) of the Mississippi Rules of Appellate Procedure, a petition for a writ of certiorari for review of a decision of the court of appeals must be filed in the supreme court within fourteen days from the date of entry of the appellate court's judgment on the petitioner's motion for rehearing. However, this period may be "extended upon motion filed within such time."

Duplantis did not file his motion for an out-of-time writ of certiorari until over seven months after the court of appeals denied his motion for rehearing. Therefore, he clearly did not comply with Mississippi's rules governing the time limits for petitions for writs of certiorari. As a result, we hold that his motion was not "properly filed" within the meaning of § 2244(d)(2).

Duplantis appears to argue in his reply brief, however, that he had three years from the ruling on his direct appeal in which to file his motion for out-of-time writ of certiorari, pursuant to § 99-39-5(2) of the Mississippi Code. That section governs motions for post-conviction collateral relief by state prisoners, and does not address time limitations for motions for certiorari. Duplantis does not explain why the three-year statute of limitations in § 99-39-5(2) ought to apply to motions for writs of certiorari instead of the very specific rule contained in Rule 17(b). Therefore, we reject his argument.

Based on the foregoing, the district court's determination that Duplantis's motion for an out-of-time writ of certiorari was

6

not "properly filed" was correct.  His § 2254 petition is time-barred.  We therefore AFFIRM.

AFFIRMED.