United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20537
Conference Calendar
_____

JAVIER CEBALLOS TORRES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1258
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Javier Ceballos Torres, federal prisoner # 83471-079,
appeals the district court's dismissal of his 28 U.S.C. § 2241
petition challenging his convictions for possession with intent
to distribute 500 or more grams of cocaine and possession of a
firearm in furtherance of a drug-trafficking crime.  He argues
that a 28 U.S.C. § 2241 petition is the appropriate vehicle for
attacking his convictions based on a new rule of law set forth by
the Supreme Court.  He argues that, in view of <u>Bailey v. United</u>

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States, 516 U.S. 137 (1995), his firearm conviction should be vacated because he did not use or carry the firearm in furtherance of drug-trafficking activity.  Because Torres has not shown that his claims were foreclosed by circuit law when he filed his 28 U.S.C. § 2255 motion, Torres has not shown that his claims fall within the savings clause of 28 U.S.C. § 2255.  See Reyes-Requena v. United States, 243 U.S. 893, 903 (5th Cir. 2001).  Further, Torres' claim, that there was no evidence that he possessed the firearm in furtherance of a drug-trafficking offense, was raised and rejected on direct appeal.  See United States v. Ceballos-Torres, 218 F.3d 409, 410 (5th Cir. 2000).  He may not relitigate this claim.  See United States v. Rocha, 109 F.3d 225, 230 (5th Cir. 1997).  Therefore, the district court's dismissal of Torres' 28 U.S.C. § 2241 petition is AFFIRMED.

For the first time on appeal, Torres argues that: (1) the district court did not have jurisdiction to enhance his sentence; (2) his five-year sentence for the firearm offense violated his plea agreement; (3) his conviction and sentence for possession with intent to distribute 500 or more grams of cocaine should be vacated in view of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); and (4) his counsel was ineffective.  This court will not consider new claims raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).