**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0165n.06
Filed: December 16, 2004

No. 04-5183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

          v.

TINA CONNER,
    *Defendant-Appellant*.

_____/

On Appeal from the
United States District Court for
the Eastern District of Kentucky

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges

**Kennedy, J.** Defendant-Appellant Tina Conner appeals the district court's denial of her motion to withdraw her guilty plea. Because we find that the district court did not abuse its discretion in refusing to allow the withdrawal of the plea, we **AFFIRM** the district court's judgment.

**BACKGROUND**

In the fall of 2002, the appellant made public allegations that then Kentucky Governor Paul Patton had used his influence to help her fraudulently obtain an affirmative action classification for a nursing home that she ran. That classification allowed appellant to obtain "set aside" government contracts for minority owned businesses. Appellant's public allegations stem from her claims that the governor and others in his administration retaliated against her because she ended a long-term sexual relationship with the governor. These public allegations led to federal criminal charges against the appellant.

As a result of plea negotiations, appellant agreed to plead guilty to one count of mail fraud, under 18 U.S.C. § 1341. In exchange, government and state prosecutors agreed that they would not seek any additional charges against her and that they would press for leniency in sentencing. The federal prosecutor submitted a motion to the district court requesting a downward departure from the sentencing guidelines that would result in appellant receiving probation.

At her plea, the appellant, a forty-one year old college graduate, testified under oath that she was aware of the charges against her. She also testified that she had discussed the charges with her attorney and that she was satisfied with her legal representation. Next, she testified that she had reviewed the plea agreement and was satisfied with it. At the hearing, the prosecutor discussed the plea agreement in detail. Appellant also testified that she fully understood what pleading guilty to the offense would mean to her in terms of her loss of rights. She also indicated that she understood the possible penalties that the law allows the judge to impose. She testified that she understood the basics of the sentencing guidelines and that if the sentence that was finally imposed on her was harsher than one that she expected, she understood that she had no right to object to the sentence or the guilty plea on that basis. Finally, she testified that she was willing to waive her right to a jury trial. After reading her the indictment and obtaining an oral verification that the indictment was true, the court accepted her guilty plea.

Approximately three months later, the appellant requested that the court grant her different counsel. She expressed concern that her lawyer had not read all of the evidence relevant to her upcoming trial and that he had told her the manner in which she should answer the judge's questions in the car on the way to the plea hearing. The court granted her motion to remove her current counsel and appointed her new representation.

One month later, appellant's new counsel requested that the court allow appellant to withdraw her guilty plea. The trial court, after conducting a hearing on the matter, denied appellant's request and sentenced appellant to two years probation. Appellant appeals the district court's denial of her request to withdraw her guilty plea.

## ANALYSIS

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *U.S. v. Alexander*, 948 F.2d 1002, 1003 (6th Cir. 1991). In determining if a court abused its discretion in refusing the requested withdrawal, it is useful to review the law that provided the basis for the court's decision and then determine whether the court misinterpreted the law or otherwise erred in reaching its determination.

A defendant may move to withdraw a guilty plea prior to sentencing for any "fair and just reason." Fed. R. Crim. P. 11. In *Alexander*, 928 F.2d at 1003, and *U.S. v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (superseded by statute on other grounds), this circuit established seven factors by which courts could evaluate motions to withdraw. This list, although non-exhaustive, included (1) the timeliness of the motion, (2) any reason for untimeliness, (3) assertion of innocence, (4) the circumstances behind the guilty plea, (5) the background of the defendant, (6) the defendant's exposure to the criminal justice system, and (7) prejudice to the government if the motion is granted. *Id.* Courts do not look favorably on requests to withdraw guilty pleas that are motivated by tactical considerations. *U.S. v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). To that end, the defendant must prove that the relevant factors are present and that they justify withdrawal of the plea. *U.S. v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

3

In this case, we cannot say that it was an abuse of discretion for the court to refuse to withdraw appellant's plea. Appellant's testimony on the record established her guilt. See *U.S. v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979) ("Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty."); *See U.S. v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003). Her public statements establish her guilt. In addition, while it is true that only one month may have elapsed after appellant obtained new counsel, we cannot ignore appellant's prior three months of silence. *U.S. v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) ("The strongest factor supporting the district court's denial of Durham's motion is the length of time between Durham's plea and the filing of his motion to withdraw. Durham waited approximately seventy-seven days to file his motion after entering his guilty plea. This Court has denied motions to withdraw based on even shorter gaps of time."). Finally, we find it difficult to believe that appellant, a forty-one year old nurse and college graduate, would be so intimidated by her attorney or the judge that she would not raise objections to her plea with the judge. This fact is especially true given how carefully the district judge questioned her concerning the indictment, the plea agreement, and her level of satisfaction with her legal counsel. Therefore, we cannot say that the district court abused its discretion in refusing appellant's request to withdraw her guilty plea.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.