UNITED STATES of America,
Plaintiff-Appellee,

v.

Steven Michael KALISH,
Defendant-Appellant.
(Two cases.)

Nos. 84–2595, 84–2756, 85–2064.

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1986.

DeGuerin & Dickson, Dick DeGuerin, Houston, Tex., for defendant-appellant.

Bob Wortham, U.S. Atty., Beaumont, Tex., Robert J. Erickson, Atty., Washington, D.C., Maury S. Epner, Atty., Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., Henry K. Oncken, U.S. Atty., James Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE and JOHNSON, Circuit Judges, and MENTZ [*], District Judge.

GEE, Circuit Judge.

In December 1979 law enforcement authorities seized two small marijuana-laden vessels, the *EL COBRE*, a shrimp boat, and the *MR. JAKE*, an offshore oil platform supply boat, in Texas coastal waters. The former was seized on December 10, the latter on December 19. In connection with the seizure of the *EL COBRE*, Steven Kalish was charged with and tried in March 1980 for conspiracy to import marijuana in violation of 21 U.S.C. § 963 and for conspiracy to possess marijuana with an intent to distribute in violation of 21 U.S.C. § 846. Kalish was acquitted.

The next month (April 1980) Kalish was tried on the same charges, but these stemmed from the seizure of the *MR. JAKE*. In addition, Kalish was charged with and tried for the substantive offense of possession of marijuana with an intent to distribute in violation of 21 U.S.C. § 841(a)(1). This time Kalish was found guilty on all three charges.

Kalish appealed, and we reversed his conviction on the two conspiracy charges from the *MR. JAKE* trial because these constituted double jeopardy in light of the earlier *EL COBRE* trial on identical charges. His conviction of the substantive offense was, however, expressly affirmed. *United States v. Kalish*, 690 F.2d 1144 (5th Cir.1982).

In June 1983, Kalish was indicted with several others for a smuggling transaction involving some 48,000 pounds of marijuana alleged to have taken place on December 3-4, 1979 near Jasper, Texas (the Jasper Farm episode). Count 5 of the indictment charged Kalish with possessing marijuana with an intent to distribute and with aiding and abetting such possession in violation of 21 U.S.C. § 841(a)(1) and (b)(6) and 18 U.S.C. § 2, while Count 10 charged him with the importation of marijuana and with aiding and abetting such importation in violation of 21 U.S.C. §§ 952 and 960(a)(1) and 18 U.S.C. § 2. Kalish was also indicted on other charges, but those counts were dismissed in a plea bargain agreement.

As part of the plea bargain, Kalish pled guilty to Counts 5 and 10 of the indictment but reserved his right to appeal on double jeopardy and collateral estoppel grounds. That appeal is presently before us, as is Kalish's collateral attack via 28 U.S.C. § 2255 on his substantive conviction from the *MR. JAKE* trial.

**I. The Substantive Conviction From The *MR. JAKE* Trial**

After we affirmed his substantive offense conviction from the *MR. JAKE* trial, Kalish attacked the judgment collaterally in the district court by way of 28 U.S.C. § 2255, the federal habeas statute. The district court denied relief because the subject of his petition had been raised and

---

[*] District Judge of the Eastern District of Louisi- ana, sitting by designation.

disposed of in the original direct appeal to this Court.

Kalish argued in his § 2255 petition, and argues here, that his *MR. JAKE* substantive offense conviction was based upon a fact issue—his participation in a conspiracy—which the government was collaterally estopped from relitigating. In both the *EL COBRE* and *MR. JAKE* trials the government's principal witness was a Mr. Troutwein. Kalish argues that since the *EL COBRE* trial necessarily resolved the issue of Troutwein's credibility in his favor, the district court erred in the *MR. JAKE* trial in permitting Troutwein to link Kalish to the *MR. JAKE* episode with virtually the same testimony that Troutwein had given in the *EL COBRE* trial.

The question, though, **was** resolved in our original appeal. We declared:

> In criminal cases, the government is barred from relitigating a fact issue "only if the jury could not rationally have based its verdict on an issue other than the one the defendant seeks to foreclose ... when a 'fact is not *necessarily* determined in a former trial, the possibility that it may have been does not prevent re-examination of that issue.' *United States v. Lee*, 622 F.2d 787, 790 (5th Cir.1980)....
>
> ... **The *EL COBRE* jury did not necessarily find that Troutwein's every statement concerning his dealings with Kalish was untrue. Indeed, the jury could have believed everything except Troutwein's testimony connecting Kalish to the *EL COBRE* and this testimony was excluded from the *MR. JAKE* trial.** 690 F.2d at 1155 (emphasis supplied).

■ It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980). The district court, then, did not err in refusing to entertain Kalish's § 2255 petition.

## II. The Jasper Farm Guilty Plea and Conviction

Kalish challenges his conviction for the offenses of importing, possessing with an intent to distribute, and aiding and abetting the importing and possession of the 48,000 pounds of marijuana in the Jasper Farm episode. Kalish argues that the doctrine of collateral estoppel precluded this indictment and prosecution, since the *EL COBRE* jury had already acquitted him of charges of membership in a "larger conspiracy." The crux of Kalish's argument is that the government did not prove that he actually imported and possessed marijuana, but rather only attempted to prove that he aided and abetted the importation and possession of marijuana, and that the only proof offered of his aiding and abetting was evidence of his participation in the same conspiracy that the *EL COBRE* jury rejected.

Collateral estoppel is part of the constitutional guarantee against double jeopardy. It means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Collateral estoppel precludes a later prosecution only if the jury could not rationally have based its verdict on an issue other than the one the defendant seeks to foreclose. *United States v. Lee*, 622 F.2d 787, 790 (5th Cir. 1980). "When a 'fact is not *necessarily* determined in a former trial, the possibility that it may have been does not prevent re-examination of that issue.'" *Id,* quoting *Adams v. United States*, 287 F.2d 701, 705 (5th Cir.1961).

Collateral estoppel may operate in two distinct ways. It may completely bar a subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element to the conviction the government later seeks. Second, although the later prosecution may proceed, collateral estoppel operates to bar the introduction or argumentation of certain

facts necessarily established in a prior proceeding. *Lee,* supra, at 790. The burden is on the defendant to show that the judgment in the original trial necessarily decided a crucial issue in the second trial. *United States v. Giarratano,* 622 F.2d 153, 156 n. 4 (5th Cir.1980).

■ Kalish has failed to carry his burden of showing that the *EL COBRE* jury necessarily decided a crucial issue in the later Jasper Farm prosecution. In the latter, the government showed—through stipulated evidence—that Kalish imported and possessed marijuana, actually as well as constructively, in violation of 21 U.S.C. § 841(a)(1) and (b)(6); and 21 U.S.C. §§ 952 and 960(a)(1). The *EL COBRE* jury necessarily determined that Kalish was not a member of the conspiracy charged in that indictment. Kalish, however, has not shown that the *EL COBRE* jury must have resolved in his favor any of the facts—essential or otherwise—stipulated to in the Jasper Farm case. Indeed, we conclude, he could not, since the government did not even attempt to use the facts stipulated in the Jasper Farm guilty plea to prove its *EL COBRE* case. Hence, Kalish's collateral estoppel argument is meritless.

## III. Conclusion

We hold that the district court did not err in dismissing Kalish's § 2255 petition attacking his *MR. JAKE* conviction, and likewise hold that Kalish's Jasper Farm prosecution and conviction were not barred by collateral estoppel. The *MR. JAKE* and Jasper Farm convictions are accordingly

AFFIRMED.