United States Court of Appeals,

Fifth Circuit.

No. 93-4954

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Elizabeth MADKINS, a/k/a Elizabeth Richardson, Defendant-Appellant.

Feb. 17, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Elizabeth Madkins appeals the district court's denial of her 28 U.S.C. § 2255 petition. For the reasons assigned we affirm.

## Background

Madkins was convicted by a jury of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 846, and for money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2). Because the statutory minimum sentence of 120 months was greater than the maximum applicable guidelines range,[1] the mandatory minimum became the guideline sentence.[2] The district court sentenced Madkins to 120 months imprisonment and 5 years supervised release. Madkins did not appeal her conviction or sentence but filed a *pro se* 28 U.S.C. § 2255 petition claiming that the district court did not have jurisdiction over the crimes committed, that venue was improper, and that she received ineffective assistance of counsel. The section 2255 petition was denied; Madkins timely appealed.

## Analysis

---

[1]The PSR computed Madkins' total offense level at 26 with a criminal history of I, resulting in a sentencing range of 63 to 78 months.

[2]U.S.S.G. § 5G1.1(b).

Madkins raises numerous issues on appeal, first contending that the district court did not have jurisdiction and that venue was improper.[3] Madkins argues that federal courts do not have jurisdiction over crimes against the United States that occur in the "Sovereign State of Texas." This argument is frivolous. Under 18 U.S.C. § 3231, "[d]istrict courts have jurisdiction over offenses against the laws of the United States."[4] Madkins was indicted for violating federal laws prohibiting conspiring to distribute cocaine[5] and money laundering.[6] The district court had jurisdiction over her prosecution. The suggestion that because the offense occurred within the State of Texas the federal government is rendered powerless requires no response.

Madkins' venue challenge is also meritless. Criminal defendants have a constitutional right to be tried in the state and district where the crime was committed.[7] Here, the government charged Madkins with performing acts in furtherance of the conspiracy and of engaging in money laundering in Nacogdoches, Texas. The United States District Court for the Eastern District of Texas encompasses Nacogdoches County, Texas.[8] Venue was proper.

Madkins raises another issue which, in a proper setting, would have substantial persuasive force. She points out that the conspiracy for which she was convicted and sentenced began in 1988 and involved five kilograms of cocaine and 50 grams of cocaine base. She did not enter the conspiracy until 1990 and the PSR reflects that "the only amount of drugs that can be attributed to [Madkins] is 1/2 ounce of cocaine base," and that there is no proof she had knowledge of the other transactions. We very recently have held that the reasonable foreseeability requirement of U.S.S.G.

---

[3]Although Madkins claimed in the district court that she was rendered ineffective assistance of counsel, she does not raise this issue in her appellate brief. That claim is therefore abandoned. *Hobbs v. Blackburn,* 752 F.2d 1079 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

[4]*United States v. Drobny,* 955 F.2d 990, 997 (5th Cir.1992).

[5]21 U.S.C. §§ 841(a)(1), 846.

[6]18 U.S.C. § 1956(a)(1)(B)(i) and (2).

[7]*United States v. Davis,* 666 F.2d 195 (5th Cir.1982).

[8]28 U.S.C. § 124(c)(7).

§ 1B1.3 is prospective only for purposes of determining relevant conduct in conspiracy cases.[9] Consequently, conduct occurring before the defendant joined the conspiracy typically cannot be included in the relevant conduct inquiry.[10] Further, our circuit colleagues addressing this issue have all held that the standards governing guideline sentences should apply to the statutory minimums in drug conspiracy cases.[11]

The immediate problem Madkins encounters is that this assignment of error is being raised for the first time on appeal; it was not presented to the district court. We may not consider it.[12] We also are mindful of the difficulty that Madkins may face in raising any issue in a section 2255 habeas petition which could have been raised on direct appeal and which is not of constitutional or jurisdictional magnitude.[13]

Madkins included in her brief a motion to appoint counsel and to supplement the record on appeal. In light of today's disposition, we find that the interests of justice do not require granting those motions, and they accordingly are DENIED.[14]

The judgment of the district court is AFFIRMED.

---

[9]*United States v. Carreon,* 11 F.3d 1225 (5th Cir.1994).

[10]*Id.* The relevant inquiry is to determine the foreseeable object to which the individual conspirator agreed. Earlier transactions of a conspiracy before a conspirator joins may, in certain settings, be relevant. *See United States v. O'Campo,* 973 F.2d 1015 (1st Cir.1992).

[11]*United States v. Irvin,* 2 F.3d 72 (4th Cir.1993); *United States v. Young,* 997 F.2d 1204 (7th Cir.1993); *United States v. Martinez,* 987 F.2d 920 (2d Cir.1993) (explaining that in a conspiracy case the issue is not whether the defendant knew what drugs he was dealing or what amounts he was dealing, but whether he knew about the amounts of drugs that his coconspirator was dealing up to two years before they ever met); and *United States v. Jones,* 965 F.2d 1507 (8th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 346, 121 L.Ed.2d 261 (1992).

[12]*United States v. Cates,* 952 F.2d 149 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).

[13]*United States v. Prince,* 868 F.2d 1379 (5th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989); *United States v. Perez,* 952 F.2d 908 (5th Cir.1992).

[14]*See, e.g., Schwander v. Blackburn,* 750 F.2d 494 (5th Cir.1985).