**IN THE UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-50219
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK IVY,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Western District of Texas
(A-94-CA-643)(A-90-CR-048-JN)

_____

December 28, 1995

Before JONES, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Frank Ivy appeals the district court's order denying his motion under 28 U.S.C. § 2255. Ivy

argues that the district court erred in dismissing his claims on the basis of procedural default. He also

contends that his trial counsel was ineffective. Because our review of the record has revealed no

reversible error, we affirm the district court's judgment.

**FACTS**

A jury convicted Frank Ivy of conspiracy and possession with intent to distribute cocaine, and

using a firearm during or in relation to a drug-trafficking crime. He was sentenced to 175 months'

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

imprisonment and four years' supervised release. His conviction was affirmed on direct appeal. United States v. Ivy, 973 F.2d 1184 (5th Cir. 1992), cert. denied, 113 S. Ct. 1826 (1993).

Ivy thereafter filed a motion under 28 U.S.C. § 2255 alleging numerous grounds of error. When the Government responded that Ivy's claims were barred by procedural default, Ivy replied that most of the proof of the Government's wrongdoing was not available to him earlier. The district court adopted the magistrate judge's recommendation to deny the motion. Ivy timely appealed the district court's ruling.[1]

## DISCUSSION

### A. *PROCEDURAL DEFAULT*

The district court held that Ivy's claims regarding the judge's racial bias, the prosecutor's use of peremptory challenges, search and seizure issues not previously raised on direct appeal, and the denial of a fair trial due to Brady v. Maryland, 373 U.S. 83 (1963) and Jencks Act, 18 U.S.C. § 3500 et. seq. violations, were all procedurally barred due to Ivy's failure to raise these claims on direct appeal. Ivy argues that his claim of judicial bias should not be procedurally barred because much of the corroborating evidence of the judge's racial bias was not discovered until after his direct appeal.

All of these issues are constitutional issues which would be cognizable in a section 2255 proceeding. However, Ivy has not demonstrated cause for failing to raise them on direct appeal. See United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992). Further, his evidence of the judge's bias does not establish cause.

Additionally, Ivy asserts that these issues should not be procedurally barred because his appellate counsel was ineffective for failing to raise these issues on appeal. While Ivy asserts

---

[1]Ivy attempts to have this Court consider arguments he previously briefed for this Court and all grounds of error he raised below. This Court requires arguments to be briefed in order to be preserved. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); see also Fed. R App. P. 28(a)(4). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25. Because this Court does not consider incorporation of arguments contained in other pleadings, we will consider and address only those arguments specifically raised in Ivy's brief.

ineffective assistance of appellate counsel in a general sense, he has not demonstrated that appellate counsel's failure to raise these issues on direct appeal constituted deficient performance, nor that it prejudiced him. See Murray v. Carrier, 477 U.S. 478, 488-92 (1986); see also Jones v. Barnes, 463 U.S. 745, 750-54 (1983); and Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991). Therefore, we hold that Ivy has not shown cause to avoid procedural default of these issues.

**B.     *SEARCH AND SEIZURE***

The district court held that the Fifth Circuit had already ruled that the Government's searches of Ivy's briefcase, residences, and rented storage facility were valid, and that Ivy could not relitigate this issue. Ivy argues that his search and seizure issue should not be procedurally barred because the Court did not consider his substitute brief. This Court addressed the legality of the challenged searches on direct appeal. Ivy, 973 F.2d at 1187-88. We conclude that the district court's holding was correct. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

**C.     *INEFFECTIVE ASSISTANCE OF COUNSEL***

Ivy listed numerous instances of ineffective assistance of trial counsel in his section 2255 motion. The district court held that none of the alleged errors prejudiced his defense. A motion under section 2255 is the proper procedural vehicle for raising a claim of ineffective assistance of counsel. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 113 S. Ct. 621 (1992). However, we agree with the district court that Ivy has failed to show that his attorney's conduct constituted deficient performance or that it prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

Ivy argues that his trial counsel was ineffective because he failed to request a second suppression hearing on the validity of the search warrant. The validity of the searches was addressed by this court on direct appeal, see 973 F.2d at 1187-88, and Ivy does not state how a second suppression hearing would have changed this result.

3

Ivy maintains that he asked his attorney to bring the Government's tapes of recorded conversations to him at the jail so that he could listen to them, which the attorney allegedly failed to do. However, at the suppression hearing, Ivy admitted that he had listened to the tapes.

Ivy asserts that counsel failed to highlight the differences between the Government's transcripts and the tapes in order to show that John Guillory, his co-conspirator, was actually working as a Government agent. This theory was considered and rejected on direct appeal, based on Ivy's own admissions in his trial testimony. 973 F.2d at 1188.

Ivy contends that his attorney was somehow ineffective in his demonstration to the jury regarding how the firearm that Ivy carried to the drug transaction was allegedly wrapped in a plastic bag. Again, this court considered and rejected on direct appeal Ivy's claim in relation to the sufficiency of the evidence that he used a firearm. 973 F.2d at 1189. Nevertheless, we have previously noted that proof that a defendant could have actually pulled the trigger is not necessary to sustain the conviction. See United States v. Foy, 28 F.2d 464, 475 (5th Cir.), cert. denied, 115 S. Ct. 610 (1994).

Ivy makes general allegations that his trial counsel's lack of preparation and consultation injured his defense, and that counsel did no investigation or research. These allegations are conclusory and would not require an evidentiary hearing in the district court, much less raise an arguable issue on appeal. See United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).

Lastly, Ivy argues that his counsel was ineffective for failing to determine the maximum sentence in order to conduct effective plea negotiations. We need not address this issue because Ivy did not make this specific allegation of ineffective assistance of counsel in the district court in his section 2255 motion. See United States v. Madkins, 14 F.3d 277, 279 (5th Cir. 1994).

D.    *SENTENCING ISSUES*

Ivy complains that he should not have received an enhanced sentence for use of a firearm, that he should have received a reduction for acceptance of responsibility, and that his co-defendant received a lower sentence. Technical misapplication of the Sentencing Guidelines does

4

not give rise to a constitutional issue.  <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir.

1992).  Ivy could have raised these claims on direct appeal.  Therefore, we find that these claims

are not cognizable in this section 2255 proceeding.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.