IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40343
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY D. STILES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CV-234
- - - - - - - - - -
November 15, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry D. Stiles, federal inmate #04651-078, appeals the denial of his 28 U.S.C. § 2255 motion. Stiles does not raise an issue concerning two grounds raised in his § 2255 motion: the trial court's failure to instruct the jury on the issue of materiality and the Government's purported failure to disclose exculpatory evidence concerning one witness, James Goggans. Any argument as to these issues are deemed abandoned on appeal. See

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Eason v. Thaler, 14 F.3d 8, 9 n.1 (5th Cir. 1994).

Stiles raises the following arguments:  1) his ineffective-assistance claims are not procedurally barred in a collateral proceeding; 2) counsel rendered ineffective assistance by failing to interview Goggans and others and to mount a defense based on Stiles' reliance on the advice of counsel; 3) the trial court erred in failing to give the requested jury instruction on good-faith reliance on counsel's advice; and 4) counsel was ineffective on appeal by failing to challenge the trial court's failure to give that requested instruction.

Stiles failed to make the necessary showing of cause and prejudice on his ineffective-assistance claim concerning the investigation and presentation of the advice-of-counsel defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Appellate counsel did challenge the district court's refusal to give the requested jury instruction.  Thus, there is no factual basis for Stiles' ineffective-assistance claim.  Further, this court's determination of the jury-instruction issue in affirming Stiles' conviction forecloses consideration of the issue in a § 2255 proceeding.  United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

This court has not yet determined whether a certificate of appealability (COA) is required under the circumstances of this appeal.  See 28 U.S.C. § 2253.  To the extent that a COA is required, we construe Gonzalez' notice of appeal as an

application for a COA and DENY the motion.

AFFIRMED.