IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40953
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHNNIE FAE BEAUMONT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 97-40953
- - - - - - - - - -

December 1, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges

PER CURIAM:[*]

    Johnnie Fae Beaumont, federal prisoner # 03051-078, appeals

from the district court's judgment denying her 28 U.S.C. § 2255

motion to set aside her sentence.  We have reviewed the record

and the briefs of the parties, and we affirm the district court's

judgment.  Because Beaumont challenged the sufficiency of the

evidence in her direct appeal, we do not reach the issue again in

this appeal.  See United States v. Kalish, 780 F.2d 506, 508 (5th

Cir. 1986); United States v. Beaumont, 972 F.2d 553, 563-64 (5th

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cir. 1992).  None of the three grounds of ineffective assistance of counsel Beaumont raises for the first time on appeal rise to the level of plain error.  See <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  Beaumont's double jeopardy claim is foreclosed by the Supreme Court's decision in <u>United States v. Ursery</u>, 116 S. Ct. 2135, 2149 (1996).  Her conclusional conflict-of-interest assertion is insufficient to raise a § 2255 constitutional claim.  See <u>Koch v. Puckett</u>, 907 F.2d 524, 530 (5th Cir. 1990).  Finally, Beaumont's claim that the fine was excessive is beyond the scope of her § 2255 motion.  See <u>United States v. Segler</u>, 37 F.3d 1131, 1136-37 (5th Cir. 1994).

AFFIRMED.