IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11394
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENNIE JAY JACKSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:95-CV-108 (2:91-CR-22-03)
--------------------

November 10, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bennie Jay Jackson, federal prisoner # 21718-077, appeals
the district court's denial of his 28 U.S.C. § 2255 motion.  We
AFFIRM.

     Jackson argues that counsel was ineffective for failing to
interview and call Tex Preston as a witness.  Jackson fails to
make the requisite showing of prejudice.  Alexander v. McCotter,
775 F.2d 595, 602 (5th Cir. 1985).  Jackson also argues that
counsel was ineffective for failing to interview and call Donnie
Joe Morris as a witness.  The Government could have impeached

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Morris' testimony with his statement to Officer Hughes that Jackson was his supplier. Further, Morris' proposed testimony would have been contradicted by Teresa Watt's testimony about holding the marked money for Jackson. Jackson has not shown that he was prejudiced by counsel's failure to call Morris as a witness.

Jackson also argues that counsel was ineffective for failing to interview and call Donnie Shanklin and James Jackson as witnesses. These two witnesses were not considered by the district court because they were not included in Jackson's original or supplemental § 2255 motions. Jackson does not argue that the district court erred in refusing to consider claims not raised in the manner authorized. In effect, they are claims that were not raised in the district court. The burden of raising grounds for relief falls with the petitioner. See Rule 2(b) of the Rules Governing Section 2255 Proceedings. The district court cannot grant § 2255 relief, and does not err in not granting § 2255 relief, on a ground that was not presented to it. This court will not consider new grounds for § 2255 relief raised for the first time on appeal. United States v. Madkins, 14 F.3d 277, 279 (5th Cir. 1994); United States v. Cates, 952 F.2d 149, 152 (5th Cir. 1992). Further, new claims raised after entry of final judgment in a § 2255 proceeding are appropriately viewed as a successive § 2255 motion. See United States v. Rich, 141 F.3d 550, 551-53 (5th Cir. 1998), cert. denied, 119 S. Ct. 1156 (1999) (§ 2255 case); Behringer v. Johnson, 75 F.3d 189, 190 (5th Cir.

1996) (§ 2254 case). Thus, we do not consider Jackson's claims regarding these two witnesses.

Jackson also argues that counsel was ineffective for failing to file a motion to dismiss count 12 because it failed to inform him of the specific date of the crime alleged and that he was thus unable to prepare a defense. Jackson did not raise this claim in the district court. We will not consider the claim for the first time on appeal. Madkins, 14 F.3d at 279; Cates, 952 F.2d at 152.

Jackson states that his counsel was ineffective for failing to advise him that he should not personally contact potential witnesses. He proceeds to argue that the charge of obstruction of justice should have been dismissed because it was clear from the bond hearing that he did not threaten the witness. He argues that the evidence was insufficient to support his conviction under 18 U.S.C. § 1503. Jackson does not argue his claim in the context of ineffective assistance. Thus, he has abandoned that claim. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). This court rejected his claim that there was insufficient evidence to support this conviction on direct appeal and we will not consider it again in this § 2255 proceeding. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (issue raised and rejected on direct appeal may not be presented in a subsequent § 2255 proceeding).

Jackson argues that counsel was ineffective for failing to challenge the jury panel based on racial composition prior to voir dire. Counsel did challenge the jury panel after the jury

was selected, but before it was actually sworn and impaneled. The district court heard evidence and denied the motion challenging the panel, implicitly ruling that a prima facie showing of intentional systematic exclusion had not been made. Thus, any delay in the making of the motion did not prejudice Jackson.

Jackson argues that counsel was ineffective for failing to call character witnesses at the sentencing hearing. Jackson was sentenced to 292 months, the lowest point in the guideline range. Further, character-related considerations are not ordinarily relevant to sentencing below the guideline range. See U.S.S.G. §§ 5H1.2, 5H1.5, 5H1.6, and 5H1.11.

Jackson argues that his appellate counsel was ineffective for failing to petition the appellate court to correct a misstatement of fact made in its opinion affirming his conviction and sentence. Jackson does not identify the alleged misstatement or state how it might have affected the panel opinion. This issue is inadequately briefed and is considered abandoned. Yohey, 985 F.2d at 225.

Jackson argues that appellate counsel was ineffective for failing to appeal his conviction for engaging in a continuing criminal enterprise when he was acquitted on the conspiracy count. The evidence in the trial record sufficiently supports Jackson's conviction for engaging in a continuing criminal enterprise (CCE). Jackson's acquittal of the conspiracy count does not affect his conviction on the CCE count. Inconsistent verdicts are not reviewable, and a defendant may not upset such a

verdict.  United States v. Powell, 469 U.S. 57, 64-66 (1984).  In finding a defendant guilty of conducting a continuing criminal enterprise, the jury necessarily found Jackson participated in a conspiracy.  United States v. Garcia-Abrego, 141 F.3d 142, 154 (5th Cir. 1998), cert. denied, 119 S. Ct. 182 (1999).

Jackson argues that because he was acquitted of the conspiracy count, trial counsel should have objected to the PSR on the ground that he should only have been sentenced for cocaine and not cocaine base, because cocaine base was not mentioned in the CCE charge.  He argues that appellate counsel should have appealed on this ground.  Jackson's "acquittal" of the conspiracy charge did not prevent the district court from finding Jackson responsible for the full amount of cocaine powder and/or base involved in the conspiracy.  United States v. Watts, 519 U.S. 148, 157 (1997).  Neither trial nor appellate counsel were deficient for failing to raise this issue.

Jackson does not sufficiently brief his argument that the grand jury and the petit jury were unconstitutionally selected. He merely refers the court to his argument of ineffective assistance of counsel.  Jackson does not provide any record cites to the alleged evidence establishing his prima facie case, and, thus, his briefing of the issue is insufficient.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Fed. R. App. P. 28(a)(9)(A); 5th Cir. R. 28.2.3.

Jackson argues that the U.S. Attorney failed to disclose favorable evidence to his attorney, the evidence being the pretrial statements of Donnie Joe Morris, at least one of which

contained evidence exonerating Jackson. A review of the record in this case reveals the government did not suppress Morris' statement.

Jackson argues that the Government accused his trial counsel of misconduct toward Teresa Watts, the witness involved in Jackson's obstruction conviction, thus causing a conflict of interest between counsel and Jackson. He contends that the Government made this false accusation for the sole purpose of intimidating and distracting defense counsel in his representation of Jackson. Jackson does not cite to the portion of the record where these accusations were allegedly made. The excerpts provided by Jackson in the district court from the transcript of the bond hearing where the alleged violation occurred show no accusations of misconduct by the prosecutor against Jackson's counsel.

AFFIRMED.