**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-31294**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERT DUPRE,**

**Defendant-Appellant,**

**********************

**Consolidated with**

**No. 99-31295**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA**

**Plaintiff-Appellee,**

**versus**

**W. HAROLD SELLERS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**No. 99-CV-200**
**No. 93-CR-327-2-C**
_____

January 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal prisoners Robert Dupre and W. Harold Sellers appeal from the district court's denial of their motions to vacate, correct, or set aside their sentences under 28 U.S.C. § 2255. The appellants contend that their Fifth Amendment rights were violated because the indictment failed to state every element of each offense and that their convictions were constitutionally unfair because the district court failed to submit materiality to the jury on their bank fraud (18 U.S.C. 1344) and false-statement offenses (18 U.S.C. § 1014).

We have reviewed the record, the briefs of the parties, and the applicable law, and we find no reversible error. The appellants did not challenge the sufficiency of the indictment in their § 2255 motions but waited until the third supplement to the motion for reconsideration to raise this claim. This court has indicated that a civil litigant may not use Rule 59(e) to raise new claims that could have been raised prior to the district court's entry of a final judgment. *See* **Trust Co. Bank v. U.S. Gypsum Co.**, 950 F.2d 1144, 1152 & n.16 (5th Cir. 1992) ("[A] litigant cannot ... use rule 59(e) to expand the judgment to encompass new issues." (internal quotation marks and citations omitted)). The appellants had ample opportunity to raise this claim prior to the denial of their § 2255 motions. Their attempt to raise a sufficiency-of-the-indictment claim in the Rule 59(e) motion was untimely. *See* **id.**

The district court should have treated the third supplement to the motion for reconsideration attacking the validity of the appellant' convictions as a successive § 2255 motion. *See* **United**

2

*States v. Rich*, 141 F.3d 550, 551-53 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999). Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider the claims in the third supplement to the motion for reconsideration. *See* 28 U.S.C. § 2244(b); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Because the district court did not have jurisdiction, this court has no jurisdiction to review the issue on the merits. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

The questions of materiality with respect to 18 U.S.C. §§ 1344 and 1014 were resolved in this court's original appeal. This court determined prophylactically that "appellants' convictions will stand even *if materiality is an element of a § 1344 offense and the jury instructions were erroneous*". *United States v. Dupre*, 117 F.3d 810, 816 (5th Cir. 1997)(emphasis added), *cert. denied*, 522 U.S. 1078 (1998). The *Dupre* panel also rejected appellants' argument that the district court had erred in failing to submit materiality to the jury on the § 1014 counts. *Id*. at 818. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 118 (1986).

The district court's judgment denying § 2255 relief is

*AFFIRMED.*

3