IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10738
Conference Calendar
_____

CHARMANE SMITH,

                                        Petitioner-Appellant,

versus

J.B. BOGAN, Warden; JAMES SHADDUCK, Psychologist; PAUL E.
COGGINS, U.S. Attorney,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1686-Y
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Charmane Smith, Federal Medical Center (FMC), Carswell

patient #15587-076, moves for leave to proceed in forma pauperis

(IFP) following the district court's certification that her

appeal is taken in bad faith.  Smith has filed numerous motions

apart from her IFP motion; all such motions are DENIED.

     Smith seeks to appeal the dismissal of her petition for

habeas corpus relief pursuant to 28 U.S.C. § 2241, a petition in

which she challenged her hospitalization pursuant to 18 U.S.C.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 4246 and the administration of psychotropic drugs. Smith argues that she attempted to obtain administrative redress by writing letters to various authorities instead of using BOP's grievance forms because institution officials denied her the grievance forms when she requested them and that the dismissal of the criminal charges against her did not render her contentions moot. Smith raises other contentions that are not relevant to the issues that we need to address.

Smith's allegation that institution officials denied her grievance forms is conclusional and does not give rise to any habeas issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Smith wrote numerous letters and requests to institutional officials; however, those letters and requests did not follow the administrative remedies process outlined in the relevant regulations, *see* 28 C.F.R. §§ 542.14(c)(4), 542.15(a); they did not evidence an attempt to comply with the administrative remedies process without using the prescribed forms.

Smith failed to exhaust her administrative remedies before proceeding in federal court. The validity of Smith's commitment under 18 U.S.C. § 4246 was determined on direct appeal. *United States v. Smith*, slip op. at **1-**4 (6th Cir. Mar. 9, 2000) (unpublished), 2000 WL 282478. Claims raised and rejected on direct appeal are barred from collateral review. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)(28 U.S.C. § 2255 case). To the extent that Smith sought to challenge the validity of the commitment determination pursuant to 18 U.S.C. § 4246, the

dismissal of her petition is MODIFIED to operate with prejudice. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1498 (2001).  Smith did not raise constitutional challenges to the commitment proceeding on appeal, nor did she challenge the administration of psychotropic drugs. *Smith*, slip op. at **1-**4.  The dismissal of Smith's claims regarding the administration of drugs and possible constitutional infirmities in the commitment proceeding without prejudice for failure to exhaust administrative remedies was not an abuse of discretion.

The criminal charges against Smith were dismissed without prejudice.  *Smith*, slip op. at **2.  Because the charges were dismissed, Smith is not in custody under a criminal sentence, and no habeas corpus or 28 U.S.C. § 2255 relief is available for any constitutional violations that may have occurred during the criminal proceedings or the events giving rise to those proceedings.  *See* 28 U.S.C. §§ 2241(c)(3), 2255 ¶ 1.  The district court therefore did not err by dismissing Smith's claims regarding the criminal proceedings as moot.

Smith's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Smith's IFP motion is denied, and her appeal is dismissed as frivolous.

IFP DENIED; JUDGMENT MODIFIED; APPEAL DISMISSED.  5TH CIR. R. 42.2.