**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-50239**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DARRELL ANDRE WILBERT,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. W-99-CR-91-1
_____
October 21, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darrell Andre Wilbert, federal prisoner #03001-180, pleaded guilty to possession with intent to distribute crack cocaine and was sentenced to 146 months' imprisonment, five years supervised release, and a $3,000 fine, with payment to begin

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immediately. Wilbert filed the instant "Motion for Fine Reassessment and Payment Plan," asking the district court to establish a payment plan for his $3,000 fine. He alleged that the Bureau of Prisons (BOP) was requiring him to pay more per month than he could afford. Wilbert appeals the district court's denial of this motion.

Wilbert did not challenge the legality of or the imposition of his sentence in his motion in the district court. His motion was limited to a request for the district court to set up a payment plan for his fine. Any other arguments in his brief are raised for the first time on appeal and will not be addressed. See United States v. Madkins, 14 F.3d 277, 279 (5th Cir. 1994); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Wilbert's motion challenged the manner in which the BOP was administering the Inmate Financial Responsibility Program (IFRP) in his case and asked the district court to set up a payment plan. His motion did not explicitly attack any action by the sentencing court. Wilbert's motion is in the nature of a 28 U.S.C. § 2241 petition, and it should have been filed in the district of his incarceration. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Accordingly, the district court's order is VACATED and this case is REMANDED with instructions that the district court

2

enter an order dismissing Wilbert's 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction.

**VACATED** and **REMANDED**.