United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10824
Conference Calendar
_____

PERREN O. AVERY,

                                        Petitioner-Appellant,

versus

JOSEPH M. HARO,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-141-C
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

      Perren O. Avery, federal prisoner # 05310-088, appeals the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus

petition.  Avery contends that he is merely seeking judicial

review of his motion to exclude the audiotape and transcript that

was denied in the district court.  He argues that his defense

counsel withheld evidence of this audiotape and transcript from

him and the district court and was ineffective for advising him

to plead guilty because the tape showed that he was not guilty of

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the offense to which he pleaded guilty. He also challenges the district court's sentencing determination concerning the quantity of cocaine base.[2] He argues that he should be allowed to bring his claims in this 28 U.S.C. § 2241 habeas petition under the "savings clause" of 28 U.S.C. § 2255.

"[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). A prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). The petitioner bears the burden of affirmatively showing that the 28 U.S.C. § 2255 remedy is inadequate or ineffective. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Avery's prior unsuccessful 28 U.S.C. § 2255 motion does not render 28 U.S.C. § 2255 inadequate or ineffective, nor does the

---

[2] Avery raised this issue in his direct appeal, and the circuit court held that the district court had not clearly erred in determining the quantity of cocaine. United States v. Avery, 141 F.3d 1160 at * 3 (4th Cir. 1998) (unpublished). Issues raised and rejected on direct appeal may not be presented in a subsequent 28 U.S.C. § 2255 proceeding. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Likewise, Avery cannot get a second bite in this 28 U.S.C. § 2241 petition.

denial of his motion to file a successive 28 U.S.C. § 2255

motion.  See Tolliver, 211 F.3d at 878.

AFFIRMED.