United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40828
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO REYNA ALANIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:80-CR-72-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alberto Reyna Alaniz, federal prisoner # 12429-077, appeals from the district court's denial of relief on his petition for a writ of coram nobis and from the denial of his FED. R. CIV. P. 60(b) motion seeking relief from judgment. Alaniz filed the petition to challenge his 1982 conviction for conspiracy to distribute heroin. Alaniz has completed his sentence for that offense and is currently incarcerated pursuant to a sentence imposed by a federal court in Missouri.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his petition, Alaniz claimed that the district court lacked jurisdiction to try him on the heroin conspiracy charge because the offense occurred in the State of Texas. He claimed that his trial counsel rendered ineffective assistance by not raising the jurisdictional issue. Alaniz also claimed that his trial counsel was ineffective with respect to his guilty plea and that counsel coerced the plea by urging him to plead guilty to the drug conspiracy. He contended that his co-defendants were government informants and that conspiracy charges against the co-defendants had been dropped for lack of evidence.

In his appellate brief, Alaniz argues the merits of his claims and contends that he did not learn of the facts supporting his claims until the latter part of 2003. He argues conclusionally, and without citation to supporting evidence, that he could not be guilty of conspiring with his co-defendants because they were government informants, and he contends that charges against his co-defendants were dropped for lack of evidence.

Alaniz's jurisdictional claim is frivolous, and his associated claim of ineffective assistance is therefore without merit. See United States v. Madkins, 14 F.3d 277, 278-79 (5th Cir. 1994); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). Aside from his conclusional and unsubstantiated statements, Alaniz has made no attempt to show that his co-conspirators were government informants or that the district court's determination

that his co-conspirators pleaded guilty to related charges was incorrect.  Alaniz's unsupported, conclusional assertions do not show error on the part of the district court.  See Koch 907 F.2d at 530.

Alaniz has failed to show that there was any error associated with his 1982 conviction, let alone an error "resulting in a complete miscarriage of justice."  Jiminez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).  Nor has Alaniz shown that the district court abused its discretion in denying his Rule 60 motion seeking relief from the judgment denying his petition for a writ of coram nobis.  See Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991).  Accordingly, the judgment of the district court is AFFIRMED.