# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2013

No. 12-50108

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEBRA RENEE RATLIFF,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before ELROD and HIGGINSON, Circuit Judges, and MARTINEZ, District Judge.[*]

HIGGINSON, Circuit Judge.

Debra Ratliff appeals from the district court's denial of her § 2255 motion to vacate her conviction. The lone issue preserved for review is whether her trial attorney's failure to file a motion to suppress constituted ineffective assistance of counsel ("IAC") and rendered involuntary her guilty plea. To prove that claim, Ratliff was required to show that (1) a suppression motion would have been meritorious, (2) her counsel's failure to file one was objectively unreasonable (the

---

[*] District Judge of the Western District of Texas, sitting by designation.

No. 12-50108

"performance" prong), and (3) but for her counsel's deficient performance in that regard, she would not have pleaded guilty (the "prejudice" prong). *Ward v. Dretke*, 420 F.3d 479, 487–88 & n.19 (5th Cir. 2005). Adopting the report and recommendation of a magistrate judge, the district court rejected that claim, ruling that Ratliff failed to make the required showing as to any of its elements, and correspondingly denied and dismissed her § 2255 motion. The district court went on to grant a certificate of appealability ("COA") on the first issue of whether Ratliff's suppression motion would have been meritorious, finding the issue debatable among reasonable jurists. The district court did not indicate whether it intended for the COA to include the independently dispositive issues of performance and prejudice, and Ratliff did not ask this court to expand the scope of the COA to include those issues.

We reiterate that "[a] certificate of appealability may issue," pursuant to 28 U.S.C. § 2253(c), "only if the applicant has made a substantial showing of the denial of *a constitutional right*." *Slack v. McDaniel*, 529 U.S. 473, 481 (2000) (emphasis added). Where a federal habeas corpus petition, under 28 U.S.C. § 2244, or, as here, a motion to vacate, under 28 U.S.C. § 2255, raises a constitutional claim with multiple elements, a COA may issue with respect to that claim only if the defendant makes a substantial showing as to each element. *See Blue v. Thaler*, 665 F.3d 647, 662 (5th Cir. 2011) ("Blue is entitled to a COA on his *Atkins* claim only if he can make a substantial showing that he has been denied his constitutional right to be exempt from execution due to mental retardation. To make that showing, he must satisfy all three elements of the *Briseño* test. . . . [B]ecause Blue has conceded that he cannot show that he suffers from significant limitations in adaptive functioning[—*Briseño* prong two—]reasonable jurists would not debate the correctness of the district court's conclusion that it was objectively reasonable for the [Texas Court of Criminal Appeals] to determine that he is not mentally retarded. We must deny Blue's

2

motion for a COA on this issue."); *id.* ("If a district court found that a habeas petitioner's *Strickland* claim failed because he could show neither deficient performance nor prejudice, a request for a COA only as to the deficiency issue would be futile."); *cf. Phelps v. Alameda*, 366 F.3d 722, 729, 730 (9th Cir. 2004) (noting that district court's grant of COA on procedural issue, but denial of COA on merits issue, "present[ed] advisory-opinion problems" because resolution of the procedural issue would not have "any effect[]" on petitioner's entitlement to habeas relief).

We VACATE the COA and REMAND for clarification as to whether Ratliff has made a substantial showing of the denial of her Sixth Amendment right to effective assistance of counsel and is entitled to a COA on that issue. *See Berthoff v. United States*, 201 F.3d 426, at *1 (1st Cir. 1999) (per curiam) (unpublished table decision) (vacating COA and remanding for clarification where, as here, "[t]he thrust of the court's remarks in issuing the certificate suggests a desire for additional guidance" on a constitutional question, but the wording of the COA leaves "some doubt as to the precise issue(s) on which the certificate was granted"); *Gonzalez v. Thaler*, 132 S. Ct. 641, 651 & n.7 (2012) (noting that circuit courts "regularly" remand for clarification when a COA fails to indicate a constitutional issue).