# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30881
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

JOSEPH N. CHISLEY, JR.,

Plaintiff-Appellant

v.

TERRY TERRELL, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1261

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court dismissed the 28 U.S.C. § 2254 application of Joseph N. Chisley, Jr., Louisiana prisoner # 86581, as time barred. Alternatively, the court determined that his challenge to his 30-year sentence at hard labor under state law was not cognizable in federal habeas review. The district court granted a certificate of appealability (COA), stating that Chisley

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"alleges the sentence imposed upon him violated Louisiana's habitual offender statute, LA. REV. STAT. ANN. § 15:529.1."

Chisley contends that his application was timely and that his sentence violated his rights to due process and equal protection under the United States Constitution.  However, it appears that the district court's grant of a COA was limited to the non-dispositive and non-constitutional state law sentencing issue, and Chisley does not request a COA from this court to appeal the rulings that his application was time barred and not cognizable under § 2254.  *See United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998).

We are not authorized to consider issues beyond the scope of the COA. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011).  Because it is unclear whether the district court's grant of a COA encompasses the dispositive issues for appeal, we VACATE the COA order and REMAND for clarification as to whether Chisley has shown that jurists of reason would find it debatable whether his § 2254 application "states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Ratliff*, 719 F.3d 422, 424 (5th Cir. 2013) (28 U.S.C. § 2255 case).