# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 12-50110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2014

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DELBERT JAMES RATLIFF,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CV-11
USDC No. 7:08-CR-123-1

———————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Delbert James Ratliff, federal prisoner # 17544-280, as well as his wife Debra, pleaded guilty to conspiracy to manufacture 50 grams or more of methamphetamine and to possess pseudoephedrine with the intent to manufacture methamphetamine. Relevant to this appeal, at the same time that Ratliff was seeking § 2255 relief in the district court, so was Debra. Debra

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised essentially the same Fourth Amendment claim and related claim of ineffective assistance of counsel as Ratliff, namely that trial attorney's failure to file a motion to suppress constituted ineffective assistance of counsel and rendered involuntary his guilty plea.

As we explained in Debra's appeal, "[t]o prove that claim, Ratliff was required to show that (1) a suppression motion would have been meritorious, (2) [his] counsel's failure to file one was objectively unreasonable (the 'performance' prong), and (3) but for [his] counsel's deficient performance in that regard, [he] would not have pleaded guilty (the 'prejudice' prong)." *United States v. Debra Ratliff*, 719 F.3d 422, 423 (5th Cir. 2013). Although the district court rejected this claim, the court went on to grant a certificate of appealability ("COA") in both cases on the issue whether the suppression motion would have been meritorious. As in Debra's case, the district court did not indicate whether it intended for the COA to include the independently dispositive issues of performance and prejudice, and Ratliff did not ask this court to expand the scope of the COA to include those issues.

"A certificate of appealability may issue," pursuant to 28 U.S.C. § 2253(c), "only if the applicant has made a substantial showing of the denial of a *constitutional right*." *Slack v. McDaniel*, 529 U.S. 473, 481 (2000) (emphasis added). "Where a federal habeas corpus petition, under 28 U.S.C. § 2244, or, as here, a motion to vacate, under 28 U.S.C. § 2255, raises a constitutional claim with multiple elements, a COA may issue with respect to that claim only if the defendant makes a substantial showing as to each element." *Debra Ratliff*, 719 F.3d at 424.

Consistent with the action taken in *Debra Ratliff*, 719 F.3d at 424, we VACATE the COA and REMAND for clarification as to whether Delbert Ratliff

has made a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel and is entitled to a COA on that issue. *See id.*