# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30308
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY L. RANDALL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2307
USDC No. 5:11-CR-317-8

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Randy L. Randall, federal prisoner # 15699-035, filed a 28 U.S.C. § 2255 motion which the district court denied on the merits. The court determined, however, that Randall had made a substantial showing of the denial of a constitutional right on the issue whether he "was properly sentenced, based on the amount of drugs attributable to the conspiracy as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whole, in light of his unequivocal admission of his own knowledge and intent with respect to that entire amount."

A defendant must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(2). The district court granted Randall a COA but did not specify which constitutional right was included in that grant. For the reasons set forth below, the COA grant is unclear. It is therefore vacated and that issue is remanded for clarification.

The government contends that the district court granted the COA based on the Sixth Amendment prohibition of judicial fact-finding that increases the statutory minimum sentence. *See Alleyne v. United States*, 133 S. Ct. 2151, 2163-64 (2013). We disposed of this issue in Randall's direct appeal, however, so it cannot be reconsidered under § 2255. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

The applicability of the statutory minimum sentence, the issue certified in the COA grant, was central to the district court's conclusion that defense counsel was not ineffective for failing to contest the application of the statutory minimum sentence. Even if the COA could be construed to include this particular claim of ineffective assistance of counsel, the district court did not indicate whether it intended for the COA to include the elements of performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a § 2255 motion "raises a constitutional claim with multiple elements, a COA may issue with respect to that claim only if the defendant makes a substantial showing as to each element." *United States v. Ratliff*, 719 F.3d 422, 424 (5th Cir. 2013).

We encountered a similar situation in *Ratliff*, 719 F.3d at 423-24, and vacated the COA and remanded for clarification as to whether the defendant

had made a substantial showing of the denial of her Sixth Amendment right to effective assistance of counsel.  We do the same here.

The district court's grant of a COA is VACATED and REMANDED for clarification.  On remand, the district court should clarify its statement that Randall made a substantial showing of the denial of a constitutional right by indicating which constitutional right and particular claim or claims are included in the grant of a COA.