# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 20-40619

United States of America,

*Plaintiff—Appellee*,

*versus*

Bruce Allen Rutherford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-41-1

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Bruce Allen Rutherford, federal prisoner # 27006-078, has moved for leave to proceed in forma pauperis (IFP) on appeal from the denial of his self-styled motion under Federal Rule of Civil Procedure 52 in which he contested the factual basis supporting his guilty plea conviction for possession of child pornography. To appeal IFP, Rutherford must make the necessary economic

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

showing and assert nonfrivolous issues on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a).

Regardless of whether he is able to afford the costs of litigation without undue hardship or deprivation of life's necessities, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), Rutherford has not raised a claim that is arguable on the merits, *see Howard v. King*, 707 F.2d 215, 220-21 (5th Cir. 1983). He effectively seeks to appeal from a motion that is unauthorized or meaningless or that does not permit him to obtain the relief that he seeks. *See, e.g., United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Federal Rule of Civil Procedure 52 does not apply to criminal matters, *see* Fed. R. Civ. P. 1; Fed. R. Civ. P. 52, and Federal Rule of Criminal Procedure 52, which does apply, is inapposite and does not provide a basis for Rutherford to attack collaterally his conviction, *see* Fed. R. Crim. P. 52; *United States v. Frady*, 456 U.S. 152, 163 (1982). If the motion was treated as a 28 U.S.C. § 2255 motion, his challenge to the factual basis would not be cognizable because he unsuccessfully raised a similar claim on appeal. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Because he has a § 2255 motion pending in the district court, any possible amendment or filing implicating that motion should be presented in connection with that ongoing proceeding. *See* Fed. R. Civ. P. 15(a)(1), (2). Rutherford otherwise has not shown that he has a nonfrivolous challenge to the disposition of his motion. *See Howard*, 707 F.2d at 220-21.

Accordingly, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24*; Howard*, 707 F.2d 220-21; *see also* 5th Cir. R. 42.2. The IFP motion is DENIED. *See id.* Rutherford is ORDERED to pay a sanction of $100 to the clerk of this court, and he is BARRED from filing in this court or any court subject to this court's jurisdiction a challenge to his conviction and sentence until the sanction is paid, unless he obtains leave of

No. 20-40619

the court in which he seeks to file such challenge.  Rutherford is once again WARNED that any repetitive or frivolous filings in this court or any court subject to this court's jurisdiction will invite the imposition of further sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.